IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ALLSTATE VEHICLE        :
PROPERTY INSURANCE
COMPANY,

       Plaintiff,        :      Case No. 3:25cv211

   v.                              JUDGE WALTER H. RICE

AARON MORRISON, et al.,     :

       Defendants.

---

DECISION AND ENTRY SUSTAINING PLAINTIFF ALLSTATE VEHICLE
& PROPERTY INSURANCE COMPANY'S MOTION FOR JUDGMENT
ON THE PLEADINGS; JUDGMENT TO ENTER IN FAVOR OF
PLAINTIFF AND AGAINST DEFENDANTS; TERMINATION ENTRY

---

Plaintiff Allstate Vehicle & Property Insurance Company ("Plaintiff" or

"Allstate") brings this case against Defendant Aaron Morrison ("Morrison"),

seeking declaratory judgment that Allstate has no duty to defend Morrison in a

separate tort lawsuit filed in the Montgomery County Court of Common Pleas.

Beside naming Morrison as a defendant, Allstate has named all parties involved in

the underlying tort lawsuit as potentially interested parties.

This case is before the Court on a Motion for Judgment on the Pleadings filed

by Plaintiff on September 19, 2025. Doc. #18. Defendants Brock Health and Gauntlet

Development, LLC filed a Response to the Motion explaining that they have not

brought a claim against Allstate. Doc. #24. No other Defendant, including Morrison, filed a responsive pleading prior to the twenty-one (21) day deadline for doing so under S.D. Ohio Civ. R. 7.2(a)(2) and have thus waived the right to respond.

For the reasons stated below, Plaintiff's Motion for Judgment on the Pleadings is SUSTAINED.

## I. Procedural and Factual Background

The background of this case cannot be explained without reference to an underlying case in the Montgomery County Court of Common Pleas (the "tort lawsuit"). This underlying case involves alleged tort claims in the process of being litigated between the various Defendants in this case. Specifically, Brock Heath and Gauntlet Development, LLC have brought claims against Aaron Morrison, Leyla Heath, and Darybel Ortiz, relating to allegations that those individuals committed tortious interference against the business interests of Brock Heath and Gauntlet Development, LLC. Doc. #1-2.

Upon learning of the tort lawsuit against him, Aaron Morrison, himself an Allstate policyholder, requested that Allstate defend and indemnify him in the tort lawsuit. Allstate brought this subsequent lawsuit seeking, among other relief, declaratory judgment determining that Allstate is not liable for damages in connection with the actions involved in the tort lawsuit and that Allstate has no duty to defend Morrison in the tort lawsuit. Doc. #1, PageID #8.

## II.    Legal Standard

Motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) are analyzed under the same standard as motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Warrior Sports, Inc. v. National Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (internal citation and quotation marks omitted). However, the court need not accept as true legal conclusions or unwarranted factual inferences. *Id.* (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)).

To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662

3

(2009)). A "legal conclusion couched as a factual allegation" need not be accepted as true, nor are recitations of the elements of a cause of action sufficient. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

While the allegations in the complaint are the primary focus in assessing a Rule 12(c) motion, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[] also may be taken into account." *Barany–Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

## III.    Analysis

Allstate's motion, despite spanning some seventeen pages, is quite simple. Allstate has issued a policy to Morrison by which they are liable for payments resulting from "bodily injury or property damage arising from an occurrence." Doc. #1-1, PageID #48. An "occurrence" is defined within the policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in bodily injury or property damage." *Id.* at #29–30.

The conduct involved with the underlying tort claims is that three individuals, including Aaron Morrison, engaged in a concerted effort to harm the business relationships of Brock Heath and Gauntlet Development, LLC. Allegedly, this was

4

conducted by way of fake social media accounts which engaged in spreading false or inaccurate information about the business operations and reputation of Brock Heath and Gauntlet Development, LLC.

Allstate does not claim a global exemption from their duty to indemnify and represent under the policy; it simply claims that the types of actions that invoke those responsibilities are incidents which result in bodily injury or property damage. Moreover, it is clear from the facts alleged in the underlying tort case, that bodily injury or property damage did not occur. Allstate's insurance policies simply do not require them to represent or indemnify *any* allegedly improper actions that their policyholders would undertake. To require Allstate to undertake such a responsibility would be to drastically broaden the scope of the insurance contract that Allstate and Morrison agreed to.

Aaron Morrison failed to file a responsive brief in this case, so the Court is unable to consider his potential arguments to the contrary. However, the Court has carefully contemplated Allstate's arguments and finds that there are no questions of material fact in this case and further finds that no reasonable factfinder could find for Defendants. As a result, Plaintiff's Motion for Judgment on the Pleadings is SUSTAINED. The Court finds that Allstate owes no duty to provide any coverage under the Allstate policy for the incident alleged in the underlying tort lawsuit.

5

IV.     **Conclusion**

For the reasons stated herein, Plaintiff Allstate Vehicle & Property Insurance Company's Motion for Judgment on the Pleadings, Doc. #18, is SUSTAINED.

Judgment is to be entered in favor of Plaintiff and against Defendants.

The above captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: October 20, 2025

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

6